Case 4:25-cv-00108    Document 20    Filed on 05/14/25 in TXSD    Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYCE SWEENEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-108 |
| | § | |
| FOURSIGHT CAPITAL, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before this Court is Bryce Sweeney's ("Plaintiff") Motion to Remand. (Doc. No. 2). Foursight Capital LLC ("Defendant") filed a response in opposition. (Doc. No. 8). Plaintiff did not file a reply, and the time to do so has passed, making the motion ripe for ruling. Having considered the motion, relevant pleadings, and applicable law, the Court **DENIES** the motion. (Doc. No. 2).

### I.   Background

Plaintiff, proceeding *pro se*, filed a small claims petition in the Justice Court of Harris County. (Doc. No. 1-2 at 5). In it, Plaintiff alleges as follows under the header "Cause of Action":

> Foursight Capital illegally and fraudulently conspired with Chad Onmad to receive an illegal loan in my name using fraudulent paycheck stubs. Foursight Capital illegally ran a charge off for 22 months knowing that [it] is fraudulent.

(*Id.*). For those allegations, Plaintiff seeks "$20,000 for all violations under FCRA [Fair Credit Reporting Act] and immediate removal of illegal charge off." (*Id.*). That comprises the entirety of Plaintiff's substantive allegations against Defendant. Defendant timely removed to this Court, invoking federal-question jurisdiction. (Doc. No. 1). Now, Plaintiff seeks remand back to the Justice Court. (Doc. No. 2).

## II.     Legal Standard

Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state-court suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved for the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Any doubts about the propriety of removal are to be resolved in favor of remand. *Acuna*, 200 F.3d at 339. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A defendant may typically remove a civil action filed in state court to federal court if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). When a defendant desires to remove a case to federal court, he is required to file a notice of removal in the federal district court for the district and division within which the state court action is pending. 28 U.S.C. § 1446(a). The notice of removal must contain a "short and plain statement of the ground for removal, together with a copy of all process, pleadings, and orders" from the state court. *Id.* To determine whether jurisdiction is present for removal, courts "consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723.

## III.    Analysis

Plaintiff seeks remand on the following grounds:

Plaintiff's claims arise primarily under state law and do not necessarily require the resolution of federal law. Specifically, Plaintiff asserts:

- Fraudulent inducement of contract (fraudulent paycheck stubs used in Plaintiff's name);
- Negligence on the part of Defendant for failing to validate loan application documents; and
- Violations of Texas consumer protection laws, including the Texas Deceptive Trade Practices Act (DTPA).

While Defendant alleges federal jurisdiction based on the FCRA, Plaintiff's claims regarding fraudulent conduct, negligence, and breach of contract do not depend on federal law. The FCRA may provide context, but Plaintiff's claims can be resolved entirely under Texas state law.

(Doc. No. 2 at 1).

Even when given the liberal construction a *pro se* filing is due, Plaintiff's arguments fail. First, the words "negligence," "Deceptive Trade Practice Act," or "contract" not once appear on the face of the state court petition at the time of removal, nor any other words that may suggest such causes of action. *See* (Doc. No. 1-2 at 5). Second, while various forms of the word "fraud" do appear, possibly suggesting a state-law fraud cause of action, the petition clearly asserts a FCRA cause of action, seeking "$20,000 for all violations under FCRA [Fair Credit Reporting Act]." (*Id.*). That invocation of the FRCA, which is codified in 15 U.S.C. §§ 1681, *et seq.*, makes a "federal question appear[] on the face of the plaintiff's well-pleaded complaint," sufficient to trigger this Court's federal-question jurisdiction. *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). Consequently, the Court has federal-question jurisdiction over the case.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**. (Doc. No. 2).

It is so ordered.

Signed on this the 14th day of May, 2025.

Andrew S. Hanen
United States District Judge

3